# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IHAB SALHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-1102 (KBJ) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ihab Salha has filed a complaint against a number of federal agencies and officials—specifically, the United States Department of Homeland Security ("DHS"); the United States Citizenship and Immigration Services ("USCIS"); the Department of State; the Embassy of the United States in Beirut, Lebanon; the Secretary of DHS; the Director of USCIS; the Secretary of State; and the Ambassador of the Consulate of the United States in Beirut, Lebanon (together, "Defendants")—seeking to compel Defendants to adjudicate the I-130 visa application that Salha filed on behalf of his spouse. (*See* Compl., ECF No. 1, ¶¶ 3–10; Pl.'s Mem. in Opp'n to Defs.' Mot. to Transfer ("Pl.'s Opp'n"), ECF No. 9, at 4.)[1] According to Salha's complaint, Defendants are carrying out an unlawful policy—the Controlled Application Review and Resolution Program ("CARRP")—that "intentionally delays the applications of applicants" from "predominantly Muslim countr[ies]" such as Lebanon,

---

[1] Page number citations to the documents that the parties have filed refer to the numbers automatically assigned by the Court's electronic case filing system.

where Salha's spouse currently resides. (*See* Compl. ¶¶ 2, 16, 27–28.) Salha asserts that venue is proper in this jurisdiction, because "Defendants all maintain offices within this district" (*id.* ¶ 12), three of the named defendants—DHS, USCIS, and the Department of State—are headquartered in the District of Columbia (*see* Pl.'s Opp'n at 5), and the actions underlying the complaint's claims took place here (*see id.*). Defendants do not dispute that the District of Columbia is a proper venue, but in the motion that is before this Court at present, Defendants seek a transfer of the case to the District of New Hampshire or the Eastern District of Virginia pursuant to section 1404(a) of Title 28 of the United States Code. (*See* Defs.' Mot. to Transfer ("Defs.' Mot."), ECF No. 7, at 1, 3.) For the reasons explained below, this Court finds that Defendants have failed to establish that a transfer is warranted, and, therefore, Defendants' motion to transfer is **DENIED**.

I.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C § 1404(a). In evaluating a defendant's motion to transfer under section 1404(a), a district court must first determine whether the lawsuit "might have been brought" in the districts where the defendant seeks to transfer the case. *See id*. If so, the district court must then consider various private and public interest factors to assess whether transferring the case would be in the "interest of convenience and justice[.]" *See W. Watersheds Project v. Tidwell*, 306 F. Supp. 3d 350, 356 (D.D.C. 2017). With respect to private interest factors, courts generally consider: "1) the plaintiff's choice of forum, 2) the defendant's choice of

forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts, and 6) the ease of access to sources of proof." *Miller v. Insulation Contractors, Inc.*, 608 F. Supp. 2d 97, 102 (D.D.C. 2009).  As for public interest factors, courts typically assess: "1) the transferee's familiarity with the governing laws; 2) the relative congestion of each court; and 3) the local interest in deciding local controversies at home." *Id.* at 103.  In balancing these private and public interest factors, courts "give significant deference to the plaintiff's choice of forum," and the defendant bears the burden of proving that a transfer is warranted.  *See W. Watersheds Project*, 306 F. Supp. 3d at 356–57.

## II.

Where, as here, a plaintiff brings a civil action against an officer, employee, or agency of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e).  In this case, venue is proper in the Eastern District of Virginia under section 1391(e), as that is where Salha resides.  (*See* Defs.' Mot. at 3.)  However, this Court is not convinced that venue is proper in the District of New Hampshire, because neither party resides there, and the only connection between the District of New Hampshire and Salha's legal claims is that his visa application is currently pending at the National Visa Center, which happens to be located in New Hampshire.  (*See id.*)  Indeed, the claims in Salha's complaint focus primarily on

allegedly unlawful policy decisions made in Washington, D.C.—and not the actions of officials at the National Visa Center in New Hampshire—and thus this Court cannot conclude that "a substantial part of the events or omissions giving rise to [Salha's] claim[s] occurred" in the District of New Hampshire.  *See* 28 U.S.C. § 1391(e).

Accordingly, the District of New Hampshire is not an appropriate venue for this matter, and the only remaining question is whether transferring the instant lawsuit to the Eastern District of Virginia would serve the interests of convenience and justice. *See W. Watersheds Project*, 306 F. Supp. 3d at 356.

### III.

Neither the private interest factors nor the public interest factors weigh in favor of transferring this matter to the Eastern District of Virginia.  Starting with the private interest factors, this Court finds that the balance of interests tilts in favor of Salha's choice of forum.  As explained above, courts typically give substantial deference to a plaintiff's preferred venue, especially when there is a meaningful "nexus between the case and the plaintiff's chosen forum[.]"  *Lab'y Corp. of Am. Holdings v. NLRB*, 942 F. Supp. 2d 1, 4 (D.D.C. 2013) (internal quotation marks and citation omitted).  That meaningful nexus exists here, as Salha challenges policy decisions that were designed and shaped by officials at agencies in Washington, D.C. and that have allegedly caused a substantial delay in processing his visa application.  (*See* Compl. ¶¶ 3–10, 27–33.) Moreover, the District of Columbia does not appear to be an inconvenient forum for the parties or witnesses, and there is no reason to expect that litigating the case in this district would pose any barriers to accessing relevant evidence.  (*See* Defs.' Mot. at 7

(acknowledging that the convenience-related private interest factors do not weigh in favor of transferring the case).)

Defendants argue that Salha's choice of forum is not entitled to significant deference from the Court, as Salha does not reside in the District of Columbia.  (*See id*. at 6.)  While it is true that a plaintiff's preferred forum is "conferred less deference by the court when [it] is not the plaintiff's home forum[,]" *Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 55 (D.D.C. 2011) (internal quotation marks and citation omitted), that principle does not carry the day in this case due to the significant nexus between the factual allegations in the complaint and the District of Columbia.  And though Defendants vigorously maintain that there is no meaningful connection between Salha's chosen forum and the facts underlying his claims because CARRP does not in fact apply to I-130 visas, and therefore "plaintiff and his spouse were not subjected to CA[R]RP" (Defs.' Reply, ECF No. 10, at 1–2), this disagreement pertains to *the merits* of Salha's claims, which are not relevant at this stage of the proceedings.  Indeed, for the purpose of evaluating venue, the Court must accept the factual allegations in Salha's complaint as true, *see Barroca v. Hurwitz*, 342 F. Supp. 3d 178, 188–89 (D.D.C. 2018), and determine, based on that assumption, whether or not the facts alleged establish a significant nexus to Salha's chosen forum.  After reviewing and accepting the complaint's allegations, it is not only evident that Salha's claims have a significant nexus to the District of Columbia, it is also clear to this Court that the private interest factors more generally weigh against transferring this case elsewhere.

The Court reaches the same conclusion with respect to the public interest factors.  To start, given that this case concerns matters of federal law, the Eastern District of

Virginia is no more familiar with the governing law than courts in the District of Columbia.  *See Ravulapalli*, 773 F. Supp. 2d at 56.  The Eastern District of Virginia also has "no particular localized interest in this litigation[,]" as Salha's claims concern decisions made outside of that district's jurisdiction.  *See id.*  And even if this Court assumes that the District of Columbia's docket is more congested than the Eastern District of Virginia's, that one factor, standing alone, is an insufficient reason to transfer the case—especially when the "local interest" factor cuts in the opposite direction.

IV.

Accordingly, and for the reasons discussed above, it is hereby

**ORDERED** that Defendants' Motion to Transfer, ECF No. 7, is **DENIED**.


Date:  September 11, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge